O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-0995 DOC                                                 Date: August 7, 2012
        SACR 06-0166 DOC

Title: EDDIE LEE FRANKLIN v. UNITED STATES OF AMERICA

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Julie Barrera                       N/A
Courtroom Clerk                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

     Before the Court is *pro se* Petitioner Eddie Lee Franklin's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (the "Motion"). Mot. (Dkt. 1). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, and for the reasons stated below, the Court hereby DENIES the Motion.

**I.    Background**

     On April 5, 2007, Petitioner Eddie Lee Franklin ("Petitioner") pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a). No. 06-0166 (Dkt. 36). On January 28, 2008, Defendant was sentenced to 140 months imprisonment. No. 06-0166 (Dkt. 53). The Ninth Circuit issued a mandate denying Petitioner's appeal on April 16, 2009. No. 06-0166 (Dkt. 65). The Supreme Court denied the petition for writ of certiorari on June 15, 2009. *Franklin v. United States*, 129 S.Ct. 2816 (2009) (cert. denied).[1]

---

[1] In his Motion, Petitioner notes that the Supreme Court denied the writ of certiorari on June 23, 2009.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 10-0995 DOC | Date: August 7, 2012 |
| SACR 06-0166 DOC | Page 2 |

Petitioner filed the present Motion to Vacate, Set Aside, or Correct Sentence on June 29, 2010. Mot. (Dkt. 1). In the Motion, Petitioner alleges that: (1) he received ineffective assistance of counsel; (2) he is not a career offender under U.S.S.G. § 4B1.1; and (3) he is innocent of violating 18 U.S.C. § 2113(g). *See generally id*.

Petitioner first claim for ineffective assistance of counsel argues that his defense and appellate counsel were both generally inept and that his counsel failed to challenge the restitution amount or propose a diminished capacity defense. Mem. Supporting Mot. (Dkt. 4) at 5-7, 19-25.

With respect to his second claim, Petitioner argues that his past offenses in 1998 and 2003 for two separate violations of California Health and Safety Code section 11355 should not have been used to categorize Petitioner as a 'career offender" for the purposes of sentencing. *Id*. at 6.

Finally, Petitioner's innocence claim is premised on the argument that Petitioner did not act with "force or threat of force" as a violation of 18 U.S.C. § 2113(a) requires. *Id*. at 15-16. In his motion, Petitioner argues that his note to the bank teller with the words, "give me all your large bills in three fucking seconds or else," cannot "reasonably be inferred to be intimidating or threatening." *Id*. at 17.

## II.     Legal Standard

A "1-year period of limitation" applies to motions brought under 28 U.S.C. § 2255.  28 U.S.C. § 2255(f).  The statute of limitations clock begins to run from the latest of one of four triggering events:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court and made applicable to cases on collateral review; or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0995 DOC                                                            Date:  August 7, 2012
             SACR 06-0166 DOC                                                            Page 3

---

      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

### III. Discussion

#### a. Petitioner's Motion is Time-Barred

The government contends that the Motion is time-barred under 28 U.S.C §2255(f) because Petitioner filed the Motion more than one year after his conviction became final. A defendant's conviction becomes final when his petition for a writ of certiorari with the Supreme Court is denied. *Clay v. United States*, 537 U.S. 522, 532, 123 S.Ct. 1072, 1079 (2003). Thus, Petitioner's conviction became final on June 19, 2010, when the Supreme Court denied his petition for a writ of certiorari. Because Petitioner filed his Motion more than one year after that date, his Motion is time-barred.

Petitioner does not assert that the facts suggesting that his claims were not discoverable or already known at the time when the Supreme Court denied his petition for a writ of certiorari. Nor does Petitioner argue that a new, applicable right was recognized by the Supreme Court after his petition for a writ of certiorari was denied. Finally, Petitioner does not suggest the existence of any impediment to bringing his motion. Thus, the latest event that would trigger the running of the statute of limitations was the Supreme Court's denial of the petition for a writ of certiorari.

Petitioner's ineffective assistance of counsel claim is wholly related to counsel's actions during his trial, sentencing, and appeal. Mem. Supporting Mot. (Dkt. 4) at 5-7, 19-25. Petitioner does not identify any conduct relevant to his claim that occurred or was discoverable only after the Supreme Court's denial of the petition of a writ of certiorari. Therefore, the facts pertaining to Petitioner's allegations regarding defense and appellate counsel were available to Petitioner before the petition for a writ of certiorari was denied.

Similarly, the facts relating to his claim concerning his status as a "career offender" were available to Petitioner once the sentencing proceedings concluded. Petitioner's prior charges took place in 1998 and 2003, well before his 2008 sentencing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0995 DOC  Date: August 7, 2012
   SACR 06-0166 DOC  Page 4

---

*Id*. at 6. Thus, the facts pertaining to this claim were known to Petitioner prior to the Supreme Court's denial of the petition for a writ of certiorari.

 Finally, Petitioner's innocence claim is based on whether his offense conduct satisfied the elements of the offense – a claim that was available to Petitioner from the very inception of the legal proceedings. Petitioner claims that the note he passed to the bank teller did not satisfy the elements required for a violation of 18 U.S.C. § 2113(a). *Id*. at 15-16. Petitioner was in possession of all facts necessary to this innocence claim prior to the Supreme Court's denial of the petition for a writ of certiorari.

 Consequently, the latest event which would trigger the running of the statute of limitations was June 15, 2009, the date on which the Supreme Court denied the petition for writ of certiorari. *See* 28 U.S.C. § 2255(f). Petitioner filed his Motion on June 29, 2010, more than one year after June 15, 2009. Thus, the statute of limitations for a § 2255 claim has run, and Petitioner's Motion is time-barred.

 **b.** **Certificate of Appealability**

 Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts reads as follows:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
> (b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-0995 DOC					Date: August 7, 2012
       SACR 06-0166 DOC					Page 5

---

      Under 28 U.S.C. § 2253(c)(2), a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has held that this standard means a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 542 (2000) (internal quotation marks omitted).

      Here, Petitioner has not made the requisite showing with respect to any of the constitutional claims in the Petition. Accordingly, a Certificate of Appealability is denied.

**IV.**    **Disposition**

      For the reasons listed above, the Court DENIES Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Additionally, the Court DENIES to issue a Certificate of Appealability.

MINUTES FORM 11
CIVIL-GEN                                                                                  Initials of Deputy Clerk: jcb